IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV408-1-MU

| | | |
|---|---|---|
| DAVID E. SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNION COUNTY SHERIFF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss, or in the

Alternative, Motion for Summary Judgment,[1] filed January 20, 2006; and Plaintiff's Motion for

Dispositive Settlement, filed December 27, 2005.

For the reasons provided herein, Defendant's Motion for Summary Judgment is GRANTED

and Plaintiff's Complaint is DISMISSED.

## FACTUAL BACKGROUND

In his Complaint Plaintiff sets forth that in April 2001, he was arrested in Union County,

North Carolina on charges of larceny and forgery.    Plaintiff alleges that at the time of his arrest

unidentified employees of the Union County Sheriff took from Plaintiff the following

possessions:  1) $ 4, 995.00 in cash;[2] 2) a 1992 Chevy Lumina; 3) a car CD player located in the

Lumina; 4) a Sony car amplifier located in the Lumina; 5) a pioneer car amplifier located in the

Lumina; 6) an electronic crossover located in the Lumina; 7) a set of car speakers; and 8) fifty

---

[1] Because this Court has considered documents outside the pleadings in ruling on this matter, Defendant's motion will be treated as a motion for summary judgment.  See Fed. R. Civ. P. 12(c) and 56.

[2] The actual dollar amount seized from Plaintiff was $ 4, 932.47.

compact discs.  Plaintiff places a total value on these items of $ 10, 775.00.    Plaintiff claims that

the state claims against him were dismissed "and pick up by the U.S. Government and the state

Government had no jurisdiction over [his] money and car, which is unaccounted for at this time."

 Plaintiff seeks

$ 10, 755.00 in damages.[3]

In his response to Defendant's Motion to Dismiss or, in the alternative, Motion for

Summary Judgment, Plaintiff admits that the car at issue is not titled in his name but rather in the

name of his girlfriend/fiancee Valerie Jordan.   An investigation by Sergeant Ingana of the Union

County Sheriff's Department revealed that Valerie Jordan was indeed the titled owner of the

Chevy Lumina.  (Ingana Aff. ¶ 13).  In addition, the lienholder demanded the return of the car.  .

(Ingana Aff. ¶ 14).   On September 27, 2005, a State Superior Court Judge issued an order

directing the Sheriff's Department to release the vehicle to the lienholder, Best Auto.[4]  (Ingana

Aff. ¶ 14).

## ANALYSIS

### I.  Statute of Limitations

There is no federal statute of limitations for § 1983 actions, and therefore the state statute

governing personal injury is applied.  Wilson v. Garcia, 471 U.S. 261 (1985).  In North Carolina

a three year statute of limitations applies to any personal injury not covered by another limitation.

---

[3] In his December 20, 2005, filing Plaintiff states that he is abandoning his claim for the car
stereo/audio items listed as items (3) - (8) above.  Accordingly the only items that remain in dispute
are Plaintiff's claim of entitlement to the cash and the Chevy Lumina.

[4] As of the date of the motion, January 20, 2006, the Sheriff's Department still retained
possession of the car as it had not been able to contact the lienholder.  (Ingana Aff.¶ 13).

N.C. Gen. Stat. § 1-52(5).  Consequently, § 1983 claims arising in North Carolina have a three year statute of limitations.  National Advertising Co., 947 F.2d 1158, 1161-62 (4th Cir. 1991).

It appears from Plaintiff's Complaint that the actions upon which Plaintiff is basing his lawsuit took place in April 2001, over four and a half years ago.   Plaintiff presents no argument as to why his Complaint which was filed on September 22, 2005, should be considered timely.  Because over four years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit, his claim is untimely.

## II.  Respondeat Superior

In addition, the Court notes that the Complaint is ambiguous with respect to the nature of the party being sued.  The defendant specifically named in the Complaint is the "Union County Sheriff."  The individual name of the sheriff, however, does not appear anywhere in either the Complaint or Plaintiff's "Response to Defendant's Answer."  At times, Plaintiff refers to the alleged wrongdoer as "the Sheriff's Office."   (Compl. ¶ IV).

To the extent Plaintiff's intended defendant is the Office of the Sheriff of Union County his Complaint fails to state a claim because the Office of the Sheriff is not a separate legal entity capable of being sued.  See Revene v. Charles County Comm'n, 882 F.2d 870, 874-75 (4th Cir. 1989)(the sheriff's office is not a cognizable legal entity).

To the extent Plaintiff intended to sue the actual sheriff in his official and individual capacity, he still fails to state a claim because supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior.  See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).  Rather 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's

policies or customs.  See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).  Plaintiff does not allege any personal conduct by Defendant Union County Sheriff with regard to the incidents that form the basis of his Complaint.  Nor does Plaintiff allege that the actions which form the basis of his Complaint were taken pursuant to a policy or custom of the Defendant.  In fact, Plaintiff does not connect the Defendant himself in any way to the incidents that form the basis of his Complaint.  Consequently, Plaintiff fails to state a claim against Defendant Union County Sheriff.

**III.  Chevy Lumina**

Even if Plaintiff's Complaint was timely and he had sued a cognizable entity, he clearly has no constitutional claim with regard to the Chevy Lumina.  Plaintiff has admitted that he did not own the car.  Moreover a state court order has directed that the car be turned over to the lienholder.  Plaintiff simply has no legal right to the car at issue and as such has failed to state a claim with regard to his allegation that is constitutional rights were violated when Defendant failed to return the Chevy Lumina to him.

**IV.  Cash**

Plaintiff's claim that his constitutional rights were violated by the Defendant's failure to return the cash sized from him on the day of his arrest likewise fails.  In his Complaint Plaintiff alleges that $ 4,995.00 was seized from him at his arrest and that such cash should be returned to him.  In his March 8, 2001, confession to federal agents he admits that $ 2,632.47 was procured by him though the sale of marijuana.  (Ingana Aff. ¶ 16).  For obvious reasons Plaintiff has no right to have proceeds from illegal sales returned to him.

There is also reason to believe that the remaining $ 2,300 was illegal proceeds.  Although

Plaintiff claims that the remaining $2,300 was money he had earned from his job at Best Auto, he also admitted in his confession to recently being involved in an illegal money laundering scheme for which he was paid cash.  (Ingana Aff.  ¶  17).

Moreover, Plaintiff does not cite which specific constitutional provision was violated by the Defendant's alleged illegal retention of the cash at issue.  A liberal reading of Plaintiff's Complaint implicates Fourteenth Amendment concerns.   The due process clause, however,  is not violated if a meaningful post-deprivation remedy for the loss is available.   See Hudson v. Palmer, 468 U.S. 517 (1984).   Section 15-11.1 of the North Carolina General statutes provides a post-deprivation remedy for property lawfully seized by a law enforcement officer.  Plaintiff provides no evidence whatsoever that he attempted to avail himself of this process and as such he has failed to state a constitutional claim.

## V.  **Motion for Dispositive Settlement**

Plaintiff has filed a motion setting forth that he is willing to settle the case for $ 8,495.00. Plaintiff's motion is mooted by this Court's dismissal of his Complaint.

**IT IS THEREFORE ORDERED THAT:**

1.  Defendant's Motion for Summary Judgment is GRANTED;

2.  Plaintiff's Motion for Dispositive Settlement is DENIED; and

3.  Plaintiff's Complaint is DISMISSED.

Signed: May 15, 2006

Graham C. Mullen
United States District Judge